# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JAMES THOR KIRK,

    Petitioner,

vs.                                                                  No. 18-cv-288 MV/SMV

DAVID JABLONSKI,

    Respondent.

## MEMORANDUM OPINION AND ORDER

Before the Court is James Thor Kirk's *Pro Se* Petition for Writ of Mandamus (Doc. 1). Also before the Court are his motions seeking mandamus relief (Doc. 4) and to proceed *in forma pauperis* (Doc. 5). Petitioner asks the Court to compel prison officials to award or restore good time credits as required by New Mexico Corrections Department (NMCD) regulations. (Doc. 1 at 2). He also seeks $400,000 in damages, alleging prison officials subjected him to cruel and unusual punishment by placing him in solitary confinement. *Id.* at 8-9. Petitioner alleges that for six months, he was confined to his cell 23 hours a day. *Id.*

Pursuant to 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, mandamus relief is an extraordinary remedy. Such a writ will "issue only to compel the performance of a clear nondiscretionary duty." *Pittston Coal Group v. Sebben*, 488 U.S. 105, 121 (1988) (quotations omitted). "To grant mandamus relief, the court must find (1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and preemptory duty on the part of the defendant to do the action in question; and (3) no other adequate [available] remedy...." *Wilder v. Prokop*, 846 F.2d 613, 620

(10th Cir. 1988).

Assuming Petitioner could meet the first two requirements, mandamus relief is not his only remedy. Petitioner can raise his argument regarding good time credits in a 28 U.S.C. § 2241 petition. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997) (petition under § 2241 "may challenge some matters that occur at prison, such as deprivation of good-time credits and other prison disciplinary matters ...."); *United States v. Dotson*, 430 Fed. App'x 679, 684 (10th Cir. 2011) ("Because [petitioner] could have asserted this argument in a petition under 28 U.S.C. § 2241, he cannot establish the requisite conditions for [mandamus] relief."). Further, any claims seeking damages for cruel and unusual punishment should be raised in a civil rights action under 42 U.S.C. § 1983. *See Brown v. Buhman,* 822 F.3d 1151, 1162 n.9 (10th Cir. 2016) (Section 1983 of title 42 is the "remedial vehicle for raising claims based on the violation of constitutional rights."). Mandamus relief is therefore unavailable.

For this reason, the Court will dismiss the petition and motion (Docs. 1, 4) without prejudice to raising the claims in a proceeding under § 2241 and/or § 1983. The Clerk's Office shall send Petitioner a blank § 2241 petition and a blank § 1983 complaint. The Court also declines to assess a filing fee - as this proceeding did not provide Petitioner with a meaningful opportunity to pursue his claims - and will deny the *in forma pauperis* motion (Doc. 5) as moot. If Petitioner seeks relief in another proceeding, he should refile his *in forma pauperis* motion at that time.

**IT IS ORDERED** that the Motion to Proceed *In Forma Pauperis* (**Doc. 5**) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Motion for a Peremptory Writ of Mandamus (**Doc. 4**) is **DENIED**.

**IT IS FURTHER ORDERED** that the Petition for Writ of Mandamus (Doc. 1) is **DISMISSED WITHOUT PREJUDICE** to refiling the claims in a § 2241 petition and/or § 1983 proceeding.

**IT IS FINALLY ORDERED** that the Clerk's Office shall send Petitioner a blank § 2241 petition; a blank § 1983 complaint; and a blank *in forma pauperis* motion.

_____
UNITED STATES DISTRICT JUDGE